PROVOSTY, J., recused.

---

(86 South. 785)

No. 24097.

**JONES v. BOWDEN et al.**

(Jan. 3, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Descent and distribution**  ⊗⟿112—**Succession; value of donated land charged against heirs is that at death of ancestor.**

In partition by one heir against others, the value of lands donated by the mother to defendant prior to her death, which must govern, is that which the property had at the death of the mother in the condition in which it was when the donation was made, in view of Civ. Code, arts. 1269, 1505.

2. **Descent and distribution**  ⊗⟿117—**Succession; evidence held to sustain finding as to value of lands donated to coheirs.**

In action for partition, evidence of the value of lands donated by the mother to defendants, who were coheirs of plaintiff, consisting of estimates ranging from $12 to $40 an acre and testimony that plaintiff bought similar land at succession sale for $10 per acre, *held* not to justify disturbing finding of the judge, who saw and heard the witnesses and who perhaps had some knowledge as to values in the vicinity, that the value was $15 per acre.

Appeal from Eighth Judicial District Court, Parish of Franklin; S. R. Holstein, Judge.

Action for partition and collation by Mary B. Jones against Jack Bowden and others. From a judgment fixing the value of lands donated to defendants, plaintiff appeals. Affirmed.

Ellis & Ellis, of Amite City, for appellant.

Stubbs, Theus, Grisham & Thompson, of Monroe, for appellees.

DAWKINS, J. [1] This suit originated as an action for collation and partition by the plaintiff against her coheirs. Both sides concede that all issues have passed out of the case except as to the value of certain lands donated by the mother to the defendants prior to her death. It also appears to be conceded, and is the law, that the value which must govern is that which the property had at the death of the mother, in the condition in which it was when the donation was made. C. C. arts. 1269, 1505.

[2] The witnesses fix values upon the land of from $12 to $40 per acre; but the great majority of them, including at least one sworn for plaintiff, value it at $12 to $15 per acre. The record shows that the plaintiff bought the remaining land of the succession (mostly timbered), at succession sale for $10 per acre, and a number of the witnesses say it was of a value about equal

to that previously donated to the defendants at the death of the mother.

As thus indicated, the testimony as to values took quite a wide range, but' the judge who saw and heard the witnesses, and who perhaps also has some knowledge as to values in the vicinity in question, fixed it at $15 per acre. After carefully reading and weighing the evidence, we do not feel justified in disturbing that finding.

For the reasons assigned, the judgment appealed from is affirmed, at the cost of the appellant.